ORIGINAL

FILED
COURT CLERK

2022 APR 28 AM 10:51

**THE DISTRICT COURT OF COTTON COUNTY**

**STATE OF OKLAHOMA**

| | | |
|---|---|---|
| DONNA KRIZ and STEPHEN KRIZ,<br>Individually and as Husband and Wife,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF WALTERS, OKLAHOMA;<br>CITY OF WALTERS POLICE<br>DEPARTMENT; WILLIAM A. RHODES, JR.,<br>individually and as **Officer** for the City<br>of Walters Police Department,<br><br>Defendants. | ) | Case No. CJ-22-11 |

**PETITION**

COME NOW the Plaintiffs, by and through undersigned counsel, and hereby states and alleges as follows:

**INTRODUCTION**

!. This is an action brought under state and federal law seeking redress for Defendants' tortious conduct and deprivations of the Plaintiffs' constitutional rights, whereby Plaintiff, DONNA KRIZ received personal injuries and STEPHEN KRIZ sustained property loss, due to Defendants' use of illegal detainment, negligent detainment and excessive force.

***PARTIES, JURISDICTION & VENUE***

2. Plaintiffs are citizens of the City of Geronimo, Comanche County, Oklahoma and were residents at the time of the subject incident.

3. Defendant City of Walters, hereinafter ("CITY"), is a municipal corporation situated in Cotton County, Oklahoma, organized and existing under and by virtue of the laws of the State of Oklahoma.

EXHIBIT 2

4. Defendant City of Walters Police Department is an agency political subdivision of the City of Walters, responsible for law enforcement activities within the City of Walters and responsible for the screening and hiring of employees for the City of Walters Police Department.

5. Upon information and belief, Defendant WILLIAM A. RHODES, JR. "RHODES" is a citizen of the State of Oklahoma and resident of Cotton County. At all times relevant hereto, Defendant "RHODES" acted under color of state law and within the scope of his employment as an Officer of the City of Walters Police Department.

6. The Court has jurisdiction over this matter and venue is proper as Defendants reside in Cotton County and the events giving rise to this action occurred in Cotton County.

7. Plaintiffs served Defendant "CITY" with a notice of tort claim on August 3, 2021. Pursuant to the Oklahoma Governmental Tort Claims Act. Okla. Stat. Tit. 51. §151 et seq., CITY had to, and including November 2, 2021, to respond to Plaintiffs' claims but failed to do so. The claim was thus deemed denied in its entirety on November 3, 2021. Because the instant action is filed within 180 days from the date of denial, Plaintiffs' claims are not barred by the statute of limitations. Plaintiffs have properly complied with all requirements under the OGTCA to bring and maintain this action against Defendant CITY.

## FACTUAL BACKGROUND

8. Plaintiffs incorporates by reference the preceding Paragraphs as if fully set forth herein.

EXHIBIT 2

9. On or about June 12, 2021, the Plaintiffs received a call from their son that their wheat farm truck and crop was on fire. The Plaintiffs got in their vehicle and were attempting to get to their property with a fire extinguisher when they were stopped by defendant "RHODES", without objective justification.

10. Plaintiffs were wrongfully detained and placed in handcuffs although neither made any threatening or furtive movements towards the defendant officer.

11. Plaintiff DONNA KRIZ was cuffed by the defendant in an aggressive, unnatural and unnecessary manner, precipitating a traumatic response and injury; with her arm being at an angle beyond her physical capability.

12. Due to Plaintiffs' elderly age and under the factual circumstances the officer should never have placed cuffs on the plaintiffs.

13. Handcuffs and detainment were used even though plaintiffs were not suspected of committing any crime.

14. Handcuffs and detainment were used although there were no facts suggesting the Plaintiffs presented an immediate danger to the defendant officer or the public.

15. Handcuffs and detainment were used although the Plaintiffs were not attempting to resist or evade an arrest through flight.

16. The Plaintiffs were not charged with or convicted of any crime arising out of this incident

### Count 1:     FOURTH AMENDMENT VIOLATION
### EXCESSIVE FORCE

17. Plaintiffs incorporate by reference the preceding Paragraphs as if fully set forth herein.

EXHIBIT 2

18. At the time of the complained of events, the Plaintiffs as free persons, had clearly established constitutional rights under the Fourth Amendment and 42 U.S.C. §1983 to be secure in their person and free from objectively unreasonable detainment and seizures involving the use of excessive force.

19. Any reasonable officer would have known of this right at the time of the complained of conduct.

20. At the time of the complained of events, Plaintiffs were unarmed, not fleeing, not actively resisting, and posed no threat to themselves, Defendants, or anyone else.

21. The use of force under the circumstances described herein, was excessive and objectively unreasonable in violation of the Fourth Amendment for which these Defendants are liable.

### Count 2: ASSAULT AND BATTERY
### Oklahoma Governmental Tort Claims Act

22. Plaintiffs incorporate by reference the preceding Paragraphs as if fully set forth herein.

23. In Oklahoma, an individual is liable for battery if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) a harmful contact with the person of the other directly or indirectly results." *Brown v Ford*, 905 P.2d 223, 229 n. 34 (Okla. 1995) (overruled on other grounds) quoting Restatement (Second) of Torts § 13).

24. Similarly, an individual is liable for assault if "(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and (b) the other is thereby put in such imminent apprehension." *Id.* (quoting Restatement (Second) of Torts § 21).

EXHIBIT 2

25. Defendant "RHODES" use of force on plaintiff DONNA KRIZ was intentional, offensive, unnecessary, unreasonable and harmful.

26. At the time of the complaint of events, Plaintiffs were unarmed, not fleeing, not actively resisting and posed no threat to themselves, the officer or anyone else.

27. The use of force by Defendant "RHODES" under the circumstances described herein was excessive and objectively unreasonable.

38. Defendant "RHODES" assault and battery on DONNA KRIZ caused her bodily injury, as well as mental pain and anguish.

29. At the time Defendant "RHODES" assaulted and battered DONNA KRIZ, he was acting within his copy of his employment as a Walters Police Department officer. In particular, Defendant's acts were "incident to ....service(s) being performed for his employer or arose out of emotional response to actions being taken for the employer. *"Rodebush v Oklahoma Nursing Homes, Ltd.*, 1993 OK 160, 867 P.2d 1241, 1245.

30. According, Defendant CITY is vicariously liable for Defendant "RHODES" tortious contact.

### Count 3: NEGLIGENT PERFORMANCE OF LAW ENFORCEMENT FUNCTION
**Oklahoma Governmental Tort Claims Act**
**(as to Defendant CITY)**

31. Plaintiffs incorporate by reference the preceding Paragraphs as if fully set forth herein.

32. The actions of the Defendant officer as set forth and described above constitute the statutory excessive force in violation of 22 O.S. § 34.1, actionable pursuant to the Oklahoma Tort Claims Act, for which Defendant CITY is liable.

### Count 4: STATUTORY EXCESSIVE FORCE
### Oklahoma Governmental Tort Claims Act
### (as to Defendant CITY)

33. Plaintiffs incorporate by reference the preceding Paragraphs as if fully set forth herein.

34. The actions of the Defendant officer as set forth and described above constitute the statutory excessive force under the standards set forth n Morales v City of Oklahoma City, 2010 OK 9, 230 P.3d 869, actionable pursuant to the Oklahoma Governmental Tort Claims Act, for which Defendant CITY is liable.

### RELIEF REQUESTED

35. Pursuant to the provisions of 12 O.S. § 3226(B)(2), Plaintiffs submit this preliminary computation of damages sought in this lawsuit. As this is an action for injury suffered by an adult, Plaintiff advises that all damages recoverable by law are sought, including those listed in OUJI 2d 4.1 under the elements listed below.

> A. [His/Her] physical pain and suffering, past and future;
> B. [His/Her] mental pain and suffering, past and future;
> C. [His/Her] age;
> D. [His/Her] physical condition immediately before and after the accident;
> E. The nature and extent of [his/her] injuries;
> K. The reasonable expenses of the necessary medical care, treatment, and services, past and future.

Under item (K) Plaintiff DONNA KRIZ'S medical bills to date in excess of $52,000.00. Plaintiffs also make a property damage claim for loss of their Wheat Crop and Wheat Truck valued at approximately $25,000.00.

EXHIBIT 2

WHEREFORE, the plaintiff prays for judgment against the defendant for actual damages in excess of the amount required for diversity jurisdiction pursuant to Section 42 U.S.C. § 1988, including:

(a) Compensatory and nominal damages against all Defendants.

(b) Property damage

(c) Costs in this action, including reasonable attorney fees, interest and such other relief as this Court shall deem just and proper.

**ATTORNEYS' LIEN CLAIMED**

**JURY TRIAL DEMANDED**

Respectfully submitted,

LAW OFFICES OF MICHAEL D. LEWIS

*/s/ Michael D. Lewis*
Michael D. Lewis, OBA #12131
6116 N.W. 63rd Street, Suite 100
Oklahoma City, OK  73132-7536
Telephone: (405) 720-2225
Fax: (405) 848-6834
Attorney for Plaintiff

**EXHIBIT 2**